IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADOLFO DANIEL LÓPEZ-MIERES,<br>    Plaintiff,<br><br>v.<br><br>CARMEN YÚLIN CRUZ-SOTO,<br>MUNICIPALITY OF SAN JUAN,<br><br>    Defendants. | CIV. NO. 18-1588 (SCC) |

**OPINION AND ORDER**

Plaintiff Adolfo Daniel López-Mieres has moved the Court under Federal Rule of Civil Procedure 60(b) to reconsider our order granting in part the defendants' motions for summary judgment. Docket No. 136. He argues that we erred by disregarding what we viewed as the new theory for relief raised in his opposition to summary judgment. *Id.*

In his amended complaint, Dr. López-Mieres alleged that he was fired solely because he relayed concerns about another doctor's termination to Mr. Cabrera and that the reason the defendants gave for dismissing him (*i.e.*, his comments to an

obese patient and her advocate) was pretextual. *See, e.g.,*
Docket No. 5, pg. 15 (alleging that "the sole reason for his
discharge was in retaliation for his previous comments
protesting the dismissal of his fellow employee"). He
reiterated this theory of his case in his opposition to the
defendants' motions to dismiss his amended complaint. *See,
e.g.,* Docket No. 18, pg. 6 ("[T]he very same date that Plaintiff
Dr. López-Mieres met with [Mr. Cabrera] to state the critical
comments concerning [Cruz-Soto]'s decision to dismiss the
Municipal Hospital's medical director . . . Plaintiff Dr. López-
Mieres was later fired . . . . Plaintiff Dr. López-Mieres is
alleging that he was fired in retribution for his critical
comments."); *id.* at 27 ("No efforts were made by [Cruz-Soto]
to provide any opportunity to explain the innocent nature of
those statements [to the obese patient and her advocate] and
this was so since the real reason for Plaintiff's dismissal from
his employment was as retaliation for having dared to
question Defendant [Cruz-Soto]'s decision to also dismiss the
Hospital's Medical Director.").

In his sur-reply to the defendants' motions to dismiss his amended complaint, Dr. López-Mieres for the first time cast his comments to the obese patient and her advocate as an alternative theory for relief. Docket No. 29, pgs. 4–5. But he never amended his complaint to add this alternative theory. We, thus, framed his claim in our opinion granting in part the defendants' motions to dismiss his amended complaint as contending that he was dismissed "in retaliation for his previous comments protesting the dismissal of his fellow coworker." Docket No. 47, pg. 3; *see also id.* at 7–9 (evaluating his First Amendment claim based only on his comments to Mr. Cabrera). And because he did not seek leave to amend his complaint, we did not grant it to him. *See Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 735–36 (1st Cir. 2016) ("In the absence of exceptional circumstances, a district court is under no obligation to offer a party leave to amend when such leave has not been requested by motion.").

Notwithstanding what he admits is his own "unfortunate wording," he argues that we erred when we declined to

consider his alternative theory because the facts underlying it are already in his complaint. Docket No. 136, pgs. 2, 5–6. Indeed, they are. But only as the basis of the defendants' pretextual reason for dismissing him. For immediately after reciting his statements to the obese patient and her advocate, which he made on an unspecified date in 2017, Dr. López-Mieres stated that the "relevant facts" "giv[ing] rise to this complaint all began on August 21st, 2017," when he "met on that date with Mr. Cabrera." Docket No. 5, pg. 6. So, although the bare facts underlying his alternative claim are in his amended complaint, he asked us to look past them to the real, indeed sole, reason he was fired. And because he told us that he was not fired because of his comments to the obese patient and her advocate, he did not raise a claim that he had been illegally fired because of them.

To be sure, plaintiffs are welcome to plead alternative and inconsistent theories for relief. *Lass v. Bank of Am., N.A.*, 695 F.3d 129, 140 (1st Cir. 2012). But here, Dr. López-Mieres made clear in his amended complaint that he was not. And even

when he had notice that we did not view his amended complaint as encompassing his alternative theory for relief, *see* Docket No. 47, he chose not to amend it. We, thus, decline to reconsider our order granting in part the defendants' motions for summary judgment.

Finally, we ordered Dr. López-Mieres to show cause why we should not grant the defendants summary judgment on his remaining claim under Puerto Rico's Autonomous Municipalities Act and why we should not dismiss the fictitious defendants. Docket No. 135, pgs. 24–25. He has responded that he does not wish to pursue that claim and that we should dismiss the fictitious defendants. Docket No. 136, pg. 6. We, therefore, dismiss this claim, *see* FED. R. CIV. P. 41(a)(2), and the fictitious defendants.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of November, 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE